H. G. ROSS v. J. J. TERRELL, COMMISSIONER OF THE GENERAL
LAND OFFICE.

No. 1763. Decided December 18, 1907.

**School Land—Purchase by Assignee of Lease.**

The proviso in the amendment by the Act of May 16, 1907, of section 5 of the Act of April 15, 1905, (Laws, 30th Leg. p. 491; Laws, 29th Leg. p. 163) permitting one holding under an assignment of a lease duly acknowledged to exercise the right to purchase given him by the former Act before its amendment, embraced only such persons as held by assignment made and acknowledged before the amendment went into effect. (Pp. 224–226.)

Original application for writ of mandamus from the Supreme Court against the Commissioner of the General Land Offic

*Beauregard Bryan* and *Bryan & McRae,* for relator.

*Robert Vance Davidson,* Attorney-General and *W. E. Hawkins,* Assistant, for respondent.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The relator applies for a mandamus to require the Commissioner to sell him certain sections of school lands to which he claims to have entitled himself as assignee of a lease by complying with section 5 of the Act of 1907, amending the same section of the Act of 1905. (Laws 30th Leg., p 491. Laws 29th Leg., p. 163.)

The law of 1905 authorized purchase by assignees of leases, such as relator, of lands included in the leases at any time before their expiration. In 1907 the Legislature amended section 5 by substituting a new section, to read as follows:

"Sec. 5. An original lessee of a lease executed prior to April 15, 1905, who has never parted with any interest in his lease except by purchase may purchase out of such lease in whole surveys only, one complement of sections or such part thereof as will make his total purchase since April 19, 1901, not to exceed eight or four sections, according to the county; provided an original lessee who has not heretofore exercised his right to buy one complement of sections out of one or more leases and should not hereafter desire to do so, may assign one or more leases to a qualified purchaser and his assignee shall have the same right to purchase out of the leases one complement of sections, or such number thereof as the assignor may be qualified to purchase or such number as the assignee may be qualified to purchase; provided that in case the assignment should have been made and acknowledged before an officer authorized to take acknowledgment the assignee may exercise that right as provided for under the Act of April 15, 1905. Only one complement shall be sold out of any lease, including that heretofore sold out of it. One who desires to buy land out of his lease shall first give written notice to the Commissioner of the General Land Office and specify the land he wants to buy not less than sixty days prior to expiration of the lease. The Commissioner shall make or cause to

be made an inspection of the land, if he is not already in possession of sufficient information, and appraise same at its reasonable market value, and advise such person and the proper county clerk of the value placed thereon. Thereafter the land shall be subject to sale to the lessee only during the life of the lease. After a lease expires or is cancelled, no one shall have any preference to purchase any land contained therein."

This amendment took the place of the original Section 5 and since it took effect, which was on August 10, 1907, all such purchases, (where no vested rights were acquired before that time) are governed by its provisions. The general rule it lays down is that a lessee or an assignee must give notice of his application at least sixty days before the expiration of the lease. But by the second proviso certain cases are specified, which, but for it, would be controlled by this general rule, in which purchases may be made as under the Act of 1905. That provision is that "in case the assignment should have been made and acknowledged before an officer authorized to take the acknowledgments the assignee may exercise that right as provided for under the Act of April 15, 1905."

Relator's assignment, according to his allegations, was executed August 1, 1907, and acknowledged August 17, 1907, and notice of his intention to purchase was filed with respondent August 20, 1907. The lease was to expire September 18, 1907. So that his assignment had been both executed and acknowledged when he made his application, but had only been executed and not acknowledged when the Act of 1907 went into operation, and his notice was given less than sixty days before the expiration of the lease.

It is plain that this statute requires that, at some time, it shall be found that the assignment has been both executed and acknowledged in order to authorize a purchase under the Act of 1905 so as to exempt the applicant from the requirement of sixty days notice. What is that time, the date of such application, or the date when the statute went into effect? We think the latter is clearly intended. It will be noticed that the first clause of the section makes no provision in favor of assignees of lessees; and that the language of the first proviso which does provide for them is entirely prospective, that lessees "may assign" and that assignees "shall have" the right to purchase. Had the section been enacted without the second proviso it might have been construed to authorize purchases only under assignments made after it went into operation. Thus all prior assignments might have been cut off unless the holders had actually fixed their rights as purchasers by taking the necessary steps before the Act of 1905 was superseded by the new law. To prevent this consequence the second proviso was inserted. It was evidently intended to save the right of purchase to such prior assignees as had the prescribed evidence, i. e., assignments executed and acknowledged while the provisions of the Act of 1905 were operative. Only in such cases is any acknowledgment of assignments for such purposes required by either the Act of 1905 or that of 1907. The purpose of the requirement was to exact reliable evidence of the fact of the

execution of the assignment before the change in the law took place and to prevent the antedating of such instruments. With this explanation in mind, if we read the second proviso thus, "in case the assignment should have been made and acknowledged before an officer authorized to take acknowledgments, before the passage of this act, the assignee may," etc., the ambiguity is removed and the meaning of the statute becomes clear and reveals an intelligent purpose. Read otherwise, the provision is well nigh senseless. Looking to the date of the notice of intention to buy as the time when the assignment "should have been executed and acknowledged," what reason can be given for permitting assignees thus situated to purchase under the Act of 1905? Why make the requirement of an acknowledgment as to some assignments and not as to others? If the fact of an acknowledgment prior to the taking effect of the new law is not the material fact, then the granting of the privilege to the holders of such instruments to buy as under the old law is wholly incomprehensible. The mere fact that the benefit of the former law is saved to them shows that the acknowledgment before the new law took effect was required as evidence of the fact that the assignee had put himself in a position to purchase under the old before its repeal.

What we have said shows that we do not entirely agree with what seems to be the respondent's position, that both provisos refer to assignments executed after the Act of 1907 took effect. We think the second proviso was inserted to save prior assignments, the execution of which was proved by their prior acknowledgment, from the prospective language of the first proviso. But it seems equally clear that only such assignments were excepted from the full operation of the other provisions of the Act of 1907. These views result in the refusal of the writ prayed for.

*Mandamus refused.*